**SIGNED THIS: November 28, 2012**

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
DOUGLAS ALAN BAKER,                 )   Bankruptcy Case No. 10-90073
                                    )
        Debtor.                     )

OPINION

This matter having come before the Court on a Motion to Dismiss for Unreasonable Delay by the Debtor that is Prejudicial to Creditors filed by the Trustee and Debtor's Objection to Motion to Dismiss Filed by Trustee; the Court, having heard arguments of counsel, reviewed written memoranda of law, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

1. On January 16, 2010, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

2. On May 19, 2010, this Court confirmed the Debtor's Chapter 13 Plan wherein the Debtor was to pay the sum of $525 per month for sixty months. The $525 payment was higher than the plan payment originally proposed by the Debtor based upon bonuses which the Debtor acknowledged that he had received in the past.

3. On or about February 16, 2012, the Trustee received the Debtor's 2011 Federal Income Tax Return which indicated that the Debtor had an adjusted gross income in the amount of $74,250. The significant increase in the Debtor's 2011 income was a result of a one-time bonus from his employer slightly in excess of $26,000, paid to the Debtor during the 2011 tax year. There is no evidence that this type and size of bonus will be paid to the Debtor again in the future or had been paid in the past.

4. On July 27, 2012, counsel for the Trustee contacted counsel for the Debtor in an attempt to work out an agreed order to increase the plan payments based upon the increase to the Debtor's annual income during the 2011 tax year.

5. On July 30, 2012, counsel for the Debtor indicated to the Trustee that the increase was a one-time bonus from Fritts Fertilizer's sale of its business, and that the Debtor's income had and would return to the level of $47,500 during the 2012 tax year.

6. On July 30, 2012, the Trustee, being unable to ascertain exactly when the bonus was received or if the Debtor was still in possession of any of the bonus, filed the instant Motion to Dismiss for Unreasonable Delay by the Debtor that is Prejudicial to Creditors, pursuant to 11 U.S.C. § 1307(c)(1).

## Conclusions of Law

The Chapter 13 Trustee seeks dismissal of the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1307(c)(1), which states:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court

may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including --

(1)    unreasonable delay by the debtor that is prejudicial to creditors;

The Trustee asserts that the Debtor's failure to report the receipt of the bonus in the year 2011, for a period of approximately seven months, was an unreasonable delay prejudicial to his creditors.

In response to the Trustee's Motion to Dismiss, the Debtor asserts that he has made all of the payments called for in his confirmed Chapter 13 Plan in a timely manner. He also asserts that he tendered copies of his Federal and Illinois Income Tax Returns for the year 2011 to the Trustee in a timely manner pursuant to 11 U.S.C. § 521. It was, in fact, that compliance that caused the Chapter 13 Trustee to pursue her Motion to Dismiss. The Debtor further argues that the Trustee has failed to identify any actual order of this Court that was violated by the Debtor and that the Trustee has failed to identify any prejudice to the creditors.

In reviewing the undisputed facts in this matter and the arguments submitted by the parties, the Court concludes that the Trustee has failed to provide any statutory or judicial authority to support dismissal of the Debtor's Chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(c)(1). The Trustee has, however, raised a valid issue as to whether the bonus received by the Debtor in the year 2011 should be considered property of the Debtor's bankruptcy estate and, as such, paid over to his creditors pursuant to 11 U.S.C. § 1306(a)(1) and (2).

Title 11 U.S.C. § 1306(a) states:

(a)    Property of the estate includes, in addition to the property specified in section 541 of this title --

(1)    all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2)    earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

The Chapter 13 Trustee asserts that, pursuant to 11 U.S.C. § 1306(a), the Debtor's receipt of the one-time bonus in the year 2011 should be included as an asset of his Chapter 13 bankruptcy estate, and, as such, paid over in either a lump sum or in payments over the remaining life of the Debtor's Chapter 13 Plan.  In support of this position, the Trustee cites the cases of <u>In re Fisher</u>, 203 B.R. 958 (D.C. N.Ill. 1997); <u>In re Richardson</u>, 283 B.R. 783 (Bankr. D.Kan. 2002); <u>In re Wetzel</u>, 381 B.R. 247 (Bankr. E.D.Wisc. 2008); and <u>In re Jackson</u>, 403 B.R. 95 (Bankr. N.D.Idaho 2009).  It is the Trustee's position that, under § 1306 and the referenced case law, the sizeable bonus received by the Debtor in 2011 was an unforeseeable windfall to the Debtor requiring modification of the Debtor's Chapter 13 Plan, pursuant to 11 U.S.C. § 1329, to pay the value of the bonus to the Debtor's unsecured creditors.

In reviewing the undisputed facts in this matter and the record of the Debtor's Chapter 13 bankruptcy proceeding, the Court finds that the bonus paid to the Debtor in the year 2011, as a result of the sale of his employer's company, was an unforeseen change to the Debtor's income which could not have been considered by the parties in arriving at the amount which he was to pay under his confirmed Chapter 13 Plan.  The sizeable bonus paid to the Debtor, in the year 2011, is clearly distinguishable from those bonuses which were considered by the parties in increasing the payments that the Debtor was to make under his plan from the amount that the Debtor originally proposed.  The Court finds that the modification sought by the Chapter 13 Trustee is supported by the provisions of 11 U.S.C. § 1329, as interpreted by the Seventh Circuit Court of Appeals in <u>The Matter of Witkowski</u>, 16 F.3d 739 (7th Cir. 1994).  As such, the Court finds that, while no cause has been shown to dismiss the Debtor's Chapter 13 case, the Debtor must be required to modify his plan to pay the value of the subject 2011 bonus to his creditors.

###